**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

JAVIER RODRIGUEZ-GUZMAN,
          *Defendant-Appellant.*

No. 06-10585

D.C. No.
CR-05-00203-BES

OPINION

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Argued and Submitted
May 15, 2007—San Francisco, California

Filed October 22, 2007

Before: Betty B. Fletcher, Eugene E. Siler,* and
Michael D. Hawkins, Circuit Judges.

Opinion by Judge B. Fletcher;
Partial Concurrence and Partial Dissent by Judge Siler

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

14141

**COUNSEL**

Franny Forsman, Federal Public Defender, Michael K. Powell (argued), Assistant Public Defender, Reno, Nevada, for the defendant-appellant.

Daniel G. Bogden, United States Attorney, Brian L. Sullivan, Robert A. Bork (argued) Assistant United States Attorneys, and Robert L. Ellman, Appellate Chief, Reno, Nevada, for the plaintiff-appellee.

**OPINION**

B. FLETCHER, Circuit Judge:

Defendant-Appellant Javier Rodriguez-Guzman challenges his sentence on the ground that the district court improperly

applied a 16-level enhancement based on a prior conviction for statutory rape under section 261.5(c) of the California Penal Code. The district court held that Guzman's conviction under section 261.5(c) qualified as a *per se* "crime of violence" as defined by United States Sentencing Guidelines, U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2003). The district court did not, however, go on to consider whether the particular definition of statutory rape in section 261.5(c)—which sets the age of consent at eighteen—comports with the common understanding of that crime.

Under *Taylor v. United States*, the sentencing court must look to the "generic, contemporary meaning" of an offense when evaluating prior convictions for the purpose of applying enhancements. 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The laws of the vast majority of the states, federal law, and the Model Penal Code all set the age of consent at sixteen years old when defining statutory rape. We therefore hold that although statutory rape qualifies as a *per se* "crime of violence" under the Guidelines, section 261.5(c) is overly inclusive, exceeding the common and accepted definition of statutory rape, and so cannot be categorically applied to enhance a sentence under § 2L1.2(b)(1)(A)(ii). We **VACATE** Guzman's sentence and **REMAND** for re-sentencing.

## BACKGROUND

The facts below are straightforward and materially undisputed. Javier Rodriguez-Guzman ("Guzman") was indicted on a single-count of violating 8 U.S.C. § 1326(a), Unlawful Reentry by a Deported Alien. He was arrested on September 30, 2005, having been deported several prior times. Guzman entered a guilty plea on December 15, 2005, reserving the right to challenge his sentence. Guzman's Presentencing Report ("PSR") revealed a conviction in April 2002 for "Unlawful Sexual Intercourse With a Minor," under Cal. Penal Code section 261.5(c) (2000).

Relying on that conviction, the district court determined that section 261.5(c) constituted statutory rape, a *per se* "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines. The district court imposed an automatic 16-level enhancement to the sentence, without examining the underlying facts of Guzman's conviction under section 261.5(c). Similarly, the district court did not consider whether the age of consent in section 261.5(c)—eighteen years old— was consistent with a generic and uniform definition of statutory rape. The sole issue on appeal is whether Guzman's conviction under section 261.5(c) was a proper basis for his 16-level enhancement.

## ANALYSIS

### I.

A district court's interpretation of the Guidelines is reviewed *de novo*. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006). A district court's determination that a prior conviction qualifies as a "crime of violence" under the Guidelines is also reviewed *de novo*. *United States v. Rivera-Sanchez*, 247 F.3d 905, 907 (9th Cir. 2001) (en banc).

### II.

**[1]** Guzman first argues that section 261.5(c) is not a *per se* "crime of violence" under the Guidelines. To address this contention, we start with the relevant language of section 261.5(c) and the Guidelines. Section 261.5(c) of the California Penal Code provides:

> Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison.

The term "minor" is defined in the same section as "a person under the age of 18 years." *See* section 261.5(a). Although section 261.5(c) is contained within a section titled "Unlawful sexual intercourse with person under 18," courts have recognized that section 261.5 is California's codification of statutory rape. *See*, *e.g.*, *Michael M. v. Superior Court*, 450 U.S. 464, 466, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981) (plurality opinion); *People v. Osband*, 919 P.2d 640, 712 (1996) (" 'Statutory rape' is commonly understood to be the offense of unlawful sexual intercourse with a minor (§ 261.5). . . .").

Next, a "crime of violence" in § 2L1.2(b)(1)(A)(ii) of the Guidelines is defined in the Application Notes and includes a number of specifically enumerated offenses, among them statutory rape.

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *statutory rape*, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, Application Note 1(B)(iii) (2003) (emphasis added).

**[2]** When an offense is specifically enumerated by the Application Notes as a "crime of violence," we have consistently drawn the conclusion that the offense is a *per se* crime of violence under the Guidelines. *See United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir. 2005) ("The fact that arson is specifically enumerated as a crime of violence in § 2L1.2(b)(1)(A)(ii) indicates that it is a crime of violence."); *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1152 (9th Cir. 2003) ("If the list of crimes [in the Application Notes] was intended by the Commission to have any meaning

at all, it must have been to highlight certain crimes as deserv-ing treatment as *per se* crimes of violence."); *id.* (and noting that every Circuit to address the question has reached the same conclusion). We reach the same result here. Based on the specific and deliberate inclusion of statutory rape within the definition of "crime of violence" in § 2L1.2(b)(1)(A)(ii), we conclude that section 261.5(c) is a *per se* crime of violence under the Guidelines.

Guzman nonetheless argues, counter-intuitively and counter-textually, that statutory rape is somehow not a "crime of violence." He does so by pointing out that statutory rape is not a "crime of violence" as that term is defined by 8 U.S.C. § 1101(a)(43)(F), and it is not enumerated as an "aggravated felony" in 8 U.S.C. § 1101(a)(43) generally. These two argu-ments are variations on the same incorrect theme, ignoring the fact that § 1101(a)(43)'s definition of "crime of violence" is materially different from the definition of "crime of violence" in § 2L1.2(b)(1)(A)(ii).

**[3]** Section 1101(a)(43) does not independently define or categorize offenses for purposes of imposing sentencing enhancements under the Guidelines. Rather § 1101(a)(43), a section of the Aliens and Nationality code, defines the term "aggravated felony" for purposes of determining what is a deportable offense, and to fix criminal penalties for reentry after commission of an "aggravated felony." *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggra-vated felony at any time after admission is deportable."); *id.* § 1326(b)(2) (establishing penalties for reentry by an alien "whose removal was subsequent to a conviction for commis-sion of an aggravated felony"); *Randhawa v. Ashcroft*, 298 F.3d 1148, 1151-52 (9th Cir. 2002) (cross-referencing the def-inition of an "aggravated felony" in § 1101(a)(43) as the deportable offense for § 1227(a)(2)(A)(iii)). Section 1101(a)(43)(F) includes a "crime of violence" in that list of aggravated felonies. *See* § 1101(a)(43)(F) ("a crime of vio-lence (*as defined in section 16 of Title 18*, but not including

a purely political offense) for which the term of imprisonment [is] at least one year" (emphasis added)). The relevant statute, 18 U.S.C. § 16, in turn defines a "crime of violence" as:

> (a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (2007). Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines, meanwhile, contains the substantively different definition of "crime of violence" set forth above, one that includes a number of specifically identified offenses. The Guidelines' definition of a "crime of violence" is thus separate and distinct from the definition of "crime of violence" in § 1101(a)(43)(F).[1]

   [4] Accordingly, in *United States v. Pimentel-Flores*, we considered and rejected the contention that the definition of a "crime of violence" in § 1101(a)(43)(F) controls what may be considered a "crime of violence" under § 2L1.2(b)(1)(A)(ii). 339 F.3d 959, 963-64 (9th Cir. 2003). Relying on the difference between the "plain language" of the statute and the Guidelines, we said

---

[1]Further textual confirmation that § 2L1.2(b)(1)(A)(ii) is not tied to § 1101(a)(43)(F)'s definition of "crime of violence" can be found elsewhere in the Guidelines' Application Notes. Note 1(B)(3)(A) contains the Guidelines' definition of "aggravated felony" set forth in § 2L1.2(b)(1)(C). Note 1(B)(3)(A) states that " 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43). . . ." U.S.S.G. § 2L1.2, Application Note 1(B)(3)(A). Yet, the definition of "crime of violence" under § 2L1.2(b)(1)(A)(ii) contains no similar cross-reference. Thus, when the drafters of the Guidelines intended to incorporate definitions from § 1101(a)(43), as they did when defining an "aggravated felony" but did not when defining a "crime of violence," they made that intention clear.

> Although the phrase "crime of violence" appears in both the statute and the new guideline, the new guideline takes care to include its own definition. Significantly, the guideline definition is different from the statutory definition of that phrase. Each definition works well within its respective regime.

*Id.*; *see also United States v. Lopez-Montanez*, 421 F.3d 926, 930-31 (9th Cir. 2005) (discussing difference between definition of "crime of violence" in § 1101(a)(43)(F) and definition in Guidelines).

The recognition of this difference in *Pimentel-Flores* disposes of the authority Guzman relies on to avoid the result compelled by the Guidelines' inclusion of the term "statutory rape" within the definition of "crime of violence." In *Valencia v. Gonzales*, we held that statutory rape under section 261.5(c) was not a "crime of violence" as that term is defined by § 1101(a)(43)(F). 439 F.3d 1046, 1052-53 (9th Cir. 2006). *Valencia*, however, relied on the differing definitions of "crime of violence" in § 1101(a)(43)(F) and the Guidelines to reach that result: "[T]he Commentary to section 2L1.2 of the Guidelines lists statutory rape as a per se crime of violence. . . . Here, Congress provided no similar indications of an intent to make statutory rape an aggravated felony under the crime of violence definition in 8 U.S.C. § 1101(a)(43)(F)." 439 F.3d at 1053.[2]

---

[2]Our decision in *United States v. Lopez-Solis* does not undermine the conclusion that statutory rape is a *per se* "crime of violence" under the Guidelines in their present form. 447 F.3d 1201 (9th Cir. 2006). That case held that Tennessee's statutory rape statute did not qualify as a crime of violence under § 2L1.2. *Id.* at 1211. We were, however, interpreting the 2002 version of § 2L1.2. *Id.* at 1203 n.1. As we observed in *Lopez-Solis*, in 2003 the Guidelines' definition of "crime of violence" was amended to include "statutory rape" as a *per se* offense. *Id.* Because Lopez-Solis was sentenced a year before the 2003 amendment took effect, we were unable to rely on the more recent definition of "crime of violence" due to ex post facto concerns. *Id.* at 1204-05. Here, Guzman was charged as a result of conduct that occurred in 2005, and there is no dispute that the 2002 amended definition of "crime of violence" controls.

**[5]** Guzman's final contention, that the district court erred when it found statutory rape qualifies as an "aggravated felony," is similarly flawed. This argument rests on a faulty premise, belied by the record and the text of § 2L1.2(b)(1). Section 2L1.2(b)(1) sets forth several distinct categories of convictions, which each carry sentencing enhancements of varying severity. Section 2L1.2(b)(1)(A)(ii) provides that a conviction for a "crime of violence" results in a 16-level enhancement. A separate sub-section, § 2L1.2(b)(1)(C),[3] provides that a conviction for an "aggravated felony" results in a 8-level enhancement. The district court did *not* conclude that Guzman's conviction under section 261.5(c) was an "aggravated felony" under § 2L1.2(b)(1)(C). Rather, the district court quite explicitly classified section 261.5(c) as a "crime of violence" under § 2L1.2(b)(1)(A)(ii) and applied a 16-level enhancement. The district court never deemed statutory rape an "aggravated felony" under the Guidelines, a fact that the 16-level enhancement Guzman challenges plainly evinces.

Our analysis does not, however, end there. Having determined that section 261.5(c) qualifies as a *per se* crime of violence under § 2L1.2(b)(1)(A)(ii), we must next consider whether the statutory definition used by California comports with the generic and contemporary meaning of the offense of statutory rape.

### III.

**[6]** In order to determine whether a prior conviction for a particular offense meets the Sentencing Guidelines' definition of that offense, we use the categorical approach set forth in *Taylor v. United States*. 495 U.S. at 600; *see also Velasquez-Reyes*, 427 F.3d at 1229. Under the categorical approach, "we do not look to the specific conduct that was the basis of a defendant's state convictions. Instead, we consider the statu-

---

[3]U.S.S.G. § 2L1.2(b)(1)(C) reads: "a conviction for an aggravated felony, increase by 8 levels. . . ."

tory definition of the crime. A state's definition of [the crime] must be compared with the generic definition of that crime to determine if the defendant's conviction is a crime of violence pursuant to the Sentencing Guidelines." *Velasquez-Reyes*, 427 F.3d at 1229-30 (citation omitted). This analysis is required even when the object offense is enumerated as a *per se* crime of violence under the Guidelines. *Id.* (arson a *per se* crime of violence under § 2L1.2(b)(1)(A)(ii), but under *Taylor* must compare Washington's statutory definition to generic definition).[4] It is this generic definition of an offense that controls, "independent of the labels employed by the various States' criminal codes." *Taylor*, 495 U.S. at 592.

*Taylor* directs that an offense's generic definition under the Guidelines can be drawn from the "sense in which the term is now used in the criminal codes of most States." 495 U.S. at 598. *Taylor* likewise suggests that an offense's definition in the Model Penal Code can serve as an aid in determining the "generic" meaning of the offense. 495 U.S. at 598 n.8. We have followed that guidance in this Circuit. *See Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1054-55 (9th Cir. 2006) (looking to the Model Penal Code and state laws to define the crime of forgery under *Taylor*).

**[7]** We have employed slightly different methodologies to perform the *Taylor* analysis, depending on the nature of the offense at issue. If the qualifying offense is a "traditional common law crime, then we have defined the offense in terms

---

[4]It is for this reason that the district court erred in its reliance on *United States v. Hernandez-Castillo*, 449 F.3d 1127 (10th Cir. 2006). In *Hernandez-Castillo*, the Tenth Circuit held that section 261.5(c) is statutory rape and thus a *per se* crime of violence under the Guidelines. 449 F.3d at 1131. But *Hernandez-Castillo* did not subsequently engage in the *Taylor* analysis that we are required to undertake here. Thus, it did not address or decide the appropriate age of consent for the generic federal definition of statutory rape. To the extent that *Hernandez-Castillo* can be read to suggest that a *Taylor* analysis is not required for *per se* crimes of violence, we reject it as persuasive authority.

of its generic, core meaning." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1204 (9th Cir. 2002) (en banc), *abrogated on other grounds*, *United States v. Vidal*, 426 F.3d 1011, 1015 (9th Cir. 2005). But, where "the qualifying offense is described in terms that do not embrace a common law crime, we have 'employed the ordinary, contemporary, and common meaning' of the statutory words." *Id.* (quoting *United States v. Trinidad-Aquino*, 259 F.3d 1140, 1143 (9th Cir. 2001)).

   **[8]** In *United States v. Gomez-Mendez*, we classified statutory rape in the latter category as a "nontraditional offense[ ]."[5]

---

[5]We question whether statutory rape is properly categorized as a "nontraditional offense" as opposed to a "traditional common law crime." It is true that "statutory rape" is not the same offense as common law "forcible rape." *Gomez-Mendez*, 486 F.3d at 602 n.4. But observing that those two offenses are distinct does not mean that one is a common law offense and the other is not. The history of statutory rape, indeed the history of the California law under consideration here, suggests a different conclusion.

California's statutory rape law has ancient origins. *Michael M.*, 450 U.S. at 494 n. 9 (Brennan, J. dissenting) ("California's statutory rape law had its origins in the Statutes of Westminster enacted during the reign of Edward I at the close of the 13th century . . . . *This statute was part of the common law brought to the United States*." (emphasis added) (citation omitted)). Although first defined in England by statute, statutory rape came to this country as part of the common law. 2 Wayne R. LaFave, Substantive Criminal Law, § 17.4(c), at 648 (2d ed. 2003) ("[T]he English statute was old enough *to be encompassed within the common law of the United States, which explains why in early times prosecutions based upon the above rationale were permitted in American states lacking a comparable statute*. In either event, this variety of rape came to be known as 'statutory rape,' apparently because it was originally engrafted onto the common law by statute, and that term is so used even today notwithstanding the fact that now statutes virtually everywhere encompass the totality of the crime of rape." (footnote omitted) (emphasis added)).

Regardless, whether we define statutory rape based on its "generic, core meaning" or based on the " 'ordinary, contemporary, and common meaning' of the statutory words," *Corona-Sanchez*, 291 F.3d at 1204, we reach the same result. Either the age of consent is sixteen as part of the general definition of the offense, or the term "minor" in the context of a statutory

486 F.3d 599, 602 (9th Cir. 2007). We went on to define statutory rape as "ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute." *Id.* at 603. But we did not answer[6] the dispositive question presented here: what is the ordinary, contemporary, and common meaning of the term "minor" in the context of a statutory rape law relied on for a sentencing enhancement?

**[9]** The Model Penal Code, section 213.3(1)(a), defines statutory rape as "[a] male who has sexual intercourse with a female not his wife, or any person who engages in deviate sexual intercourse or causes another to engage in deviate sexual intercourse, . . . if: (a) the other person is less than [16] years old and the actor is at least [four] years older than the other person. . . ." Model Penal Code § 213.3(1)(a) (2001). Federal law defines statutory rape, termed "sexual abuse of a minor," as knowingly engaging in "a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a) (2006). As Guzman points out, according to the count of one commentator, by 1997, thirty states had set the age of consent for statutory rape at sixteen. Charles A. Phipps, *Children, Adults, Sex and the Criminal Law: In Search of Reason*, 22

rape provision means a person under age sixteen. One of the primary purposes of the *Taylor* analysis is to establish a "uniform definition [of an offense] independent of the labels employed by the various States' criminal codes." 495 U.S. at 592. We thus find it highly improbable that the *Taylor* analysis would produce different results depending on which discrete sub-methodology we use to perform it.

[6]*Gomez-Mendez* addressed whether a different section of the California Penal Code, section 261.5(d), could serve as statutory rape for purposes of a 16-level sentence enhancement under § 2L1.2(b)(1)(A)(ii). 486 F.3d at 600-01. Unlike § 261.5(c), however, section 261.5(d) only criminalizes sexual intercourse with "a minor who is under 16 years of age." *Gomez-Mendez* is therefore not in conflict with our decision here.

Seton Hall Legis. J. 1, 136-41 (1997). A member of this Court recently observed that California's statutory rape provision is out-of-step with the "vast majority of states" that do not use eighteen as the age of consent, and that as many as "[t]hirty-five states permit sexual intercourse between a 22-year old and someone who just turned 16, almost two years younger than California would permit." *Estrada-Espinoza v. Gonzales*, No. 05-75850, ___ F.3d ___, slip op. at 9970 (9th Cir. Aug. 16, 2007) (Thomas, J., concurring); *see also, United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998) ("[I]n a majority of states 16 is the age of consent, rather than 17 as in Illinois."). In light of this authority, we conclude that the term "minor" in the context of a statutory rape law means a person under sixteen years of age.[7]

---

[7]In the immigration context, we have twice deferred to Board of Immigration Appeals ("BIA") decisions that violation of section 261.5(c) qualifies as "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A) for purposes of removal. *Estrada-Espinoza*, ___ F.3d ___, No. 05-75850, slip op. at 9961-62; *Afridi v. Gonzales*, 442 F.3d 1212, 1216-17 (9th Cir. 2006). In both *Afridi* and *Estrada-Espinoza*, the BIA adopted a definition of the term "minor" as a person under 18. *Estrada-Espinoza*, ___ F.3d ___, No. 05-75850, slip op. at 9961-62; *Afridi*, 442 F.3d at 1214-16. In *Afridi*, we noted that because the BIA had adopted a "permissible" construction of the term "minor," we were required to "defer" to that interpretation. 442 F.3d at 1216 (citing *Yeghiazaryan v. Gonzales*, 431 F.3d 678, 682 (9th Cir. 2005) (noting that courts generally defer to BIA's interpretation of immigration laws), *amended on other grounds on denial of reh'g*, 439 F.3d 994 (9th Cir. 2006). We relied exclusively on *Afridi* in *Estrada-Espinoza* to conclude that the BIA did not err when it rejected the petitioner's argument that " 'minor' should be defined, for sexual abuse purposes, as anyone under age 16 to reflect the age of consent in the majority of states." ___ F.3d ___, No. 05-75850, slip op. at 9961-62; *id.* at 9961 ("*Afridi* is binding precedent and controls this case.").

Whatever deference we might owe to the BIA when reviewing its interpretation of immigration laws, that deference is not appropriate here. *Cantrell*, 433 F.3d at 1279 (district court's interpretation of Guidelines reviewed *de novo*). Indeed, we have previously relied on this distinction to observe that we are not bound by *Afridi* in the sentencing context. *See Lopez-Solis*, 447 F.3d at 1209-10 ("In [*Afridi*] 'established principles of deference to administrative agencies' narrowed our review. . . . In this case, no agency is involved. . . . We are faced with an entirely different

The Government suggests that the use of the word "minor" in section 261.5(c) requires us to adopt the generalized, dictionary definition of that term, which is a person under the age of eighteen. *See* Black's Law Dictionary 1017 (8th ed. 2004) ("A person who has not yet reached full legal age; a child or juvenile."). But a closer reading of the dictionary meaning of statutory rape confirms that sixteen is the proper age for establishing a uniform definition of the offense. Black's Law Dictionary defines "statutory rape" as "[u]nlawful sexual intercourse with a person under the *age of consent* (as defined by statute), regardless of whether it is against that person's will." *Id.* at 1288 (emphasis added). The operative term, "age of consent," is in turn defined as "[t]he age, *usu. defined by statute as 16 years*, at which a person is legally capable of agreeing to marriage (without parental consent) or to sexual intercourse." *Id.* at 66 (emphasis added).[8] While it is true that the age of consent may vary according to individual state statutes, the "usual" definition is sixteen years old. *Id.*; *Corona-Sanchez*, 291 F.3d at 1204 (" 'ordinary, contemporary, and common meaning' ").

**[10]** Because section 261.5(c) establishes eighteen as the age of consent, it is overly inclusive of the generic federal definition of statutory rape we adopt today. Accordingly, the district court erred when it categorically applied a 16-level enhancement based on Guzman's prior conviction under section 261.5(c). When, as here, the statute of conviction is overly inclusive, *Taylor* permits "the sentencing court to go beyond the mere fact of conviction." 495 U.S. at 602. In such cases we may "consider whether other documentation and

task: reviewing *de novo* the district court's definition of the phrase 'sexual abuse of a minor.' Accordingly, we need not adopt the definition adopted by the Board to which the panel deferred in *Afridi*." (footnotes omitted)).

[8]Although "minor" as used in section 261.5(c) is defined by statute as a person under the age of eighteen, we note that the federal statutory rape provision also uses the term "minor," yet sixteen is still the age of consent. *See* 18 U.S.C. § 2243(a)(1).

judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition." *United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir. 2003), *as amended by* 341 F.3d 852 (9th Cir. 2003). The purpose of this "modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *Corona-Sanchez*, 291 F.3d at 1211.

**[11]** Here, the only documentation in the record besides the PSR is the felony complaint, which itself merely identifies section 261.5(c) as the statute of conviction. Thus, the record is insufficient to establish Guzman's conviction under section 261.5(c) as a conviction that satisfies the Guidelines' definition of statutory rape, which sets the age of consent at sixteen.[9] Accordingly, we reverse and remand for re-sentencing. *Lopez-Solis*, 447 F.3d at 1211 (remanding for re-sentencing where judicially noticeable facts provided no more than the fact of conviction).

## CONCLUSION

Section 261.5(c), statutory rape, is a *per se* crime of violence under § 2L1.2(b)(1)(A)(ii) of the Guidelines. However, section 261.5(c), which sets the age of consent at eighteen, is overbroad. The generic federal definition of statutory rape, reflecting the age of consent established by the overwhelming body of authority, requires that the victim be under sixteen

---

[9]At Guzman's sentencing hearing his counsel represented that at the time of the offense Guzman was twenty and the intercourse was with his seventeen year old girlfriend. The Court accepted these representations for purposes of making a discretionary downward departure from the Guidelines. Even if the transcript of the sentencing hearing suggested the opposite—that Guzman's offense qualified under the modified categorical approach—it would not suffice because that transcript is not judicially noticeable as a "record[ ] of the convicting court." *Shepard v. United States*, 544 U.S. 13, 23 (2005).

years of age. We **REVERSE** and **REMAND** for re-sentencing.

_____

SILER, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority in finding that § 261.5(c) of the California Penal Code qualifies as a *per se* crime of violence under USSG § 2L1.2(b)(1)(A)(ii). However, I dissent from the majority on whether the district court erred by finding that a 16-level enhancement was appropriate for Rodriguez-Guzman based upon his prior conviction of statutory rape in California.

I agree with the majority that under *Taylor v. United States*, 495 U.S. 575, 600 (1990), we must follow a categorical approach to determine whether Rodriguez-Guzman was convicted of a crime of violence. Likewise, under *Taylor*, we can look at the Model Penal Code as an *aid* in determining the "generic" meaning of the offense. *Id.* at 598 n.8. However, I would modify the Model Penal Code in defining statutory rape as sexual intercourse with another who is not his or her spouse, or any person who engages in deviate sexual intercourse or causes another to engage in deviate sexual intercourse if the actor is at least four years older than the victim and the victim is under the age of consent. I realize that this is not the exact definition from the Model Penal Code. If one accepts the Model Penal Code as now written, then a female who has been convicted under state law of statutory rape could never receive an enhancement on a subsequent conviction under the Guidelines.

Instead, I would follow the language from *United States v. Gomez-Mendez*, 486 F.3d 599, 603 (9th Cir. 2007), where we stated: "The term 'statutory rape' is ordinarily, contemporarily, and commonly understood to mean the unlawful sexual

intercourse with a minor under the age of consent specified by state statute." Admittedly, that case related to a conviction under § 261.5(d), involving a minor under sixteen years of age. However, although we recognized that the Model Penal Code and some other states' statutes set the age of consent at 16, whereas California set the age of consent at 18, the "difference is of no consequence." *Id.* at 604. Furthermore, we stated: "Thus a state statute criminalizing unlawful sexual intercourse with a minor can fall within the generic definition even if it allows no mistake-of-age defense." *Id.*

The majority suggests that California's statutory rape law is out-of-step with the "vast majority of states." It is true that the majority of states use 16 as the age of consent. However, a substantial minority of states use the age of either 18 or 17 as the age of consent.[1] The substantial minority may even constitute a majority of the population in the United States, as it includes some of the more populous states such as California, Texas, New York, Florida, and Illinois. Moreover, when we examine those states which ordinarily consider 16 as the age of consent, many of their statutes raise the age of consent to 18 if the actor is a parent, guardian, teacher, person in a position of authority, or another relative.[2] Therefore, I would

---

[1]Arizona (18), Ariz. Rev. Stat. Ann. § 13-1405; California (18), Cal. Penal Code § 261.5; Florida (18), Fla. Stat. Ann. § 794.05 (if defendant is 24 or older); Idaho (18), Idaho Code § 18-6101; Illinois (17), 720 Ill. Comp. Stat. § 5/12-16; Louisiana (17), La. Rev. Stat. Ann. § 14:80; Missouri (17), Mo. Rev. Stat. § 566.034; New Mexico (17), N.M. Stat. Ann. § 30-9-11 (if defendant is at least four years older than victim); New York (17), N.Y. Penal Law § 130.25 (if defendant is 21 or older); North Dakota (18), N.D. Cent. Code § 12.1-20-05; Oregon (18), Or. Rev. Stat. § 163.435; Tennessee (18), Tenn. Code Ann. § 39-13-506 (if defendant is more than five years older than victim); Texas (17), Tex. Penal Code § 22.011; Utah (18), Utah Code Ann. §§ 76-5-402, 76-5-406(11) (if defendant is more than three years older than victim and entices or coerces victim to participate); Virginia (18), Va. Code Ann. § 18.2-371; Wisconsin (18), Wis. Stat. Ann. § 948.09.

[2]*See* Alaska Stat. § 11.41.434, 11.41.436; Ark. Code Ann. §§ 5-14-124, 5-14-125; Colo. Rev. Stat. § 18-3-405.3; Conn. Gen. Stat. Ann. § 53a-71;

not find that California is out-of-step, nor are these other states with an age of consent at 17 or 18 out-of-step. I suggest that the age of consent for statutory rape is set by the individual states, and under the circumstances found in this case, Rodriguez-Guzman's sentence under the Guidelines should be enhanced as properly effected by the district court.

In sum, I would affirm the judgment of the district court.

---

Fla. Stat. Ann. § 794.011; 720 Ill. Comp. Stat. § 5/12-13; Ind. Code § 35-42-4-7; Kan. Stat. Ann. § 21-3603; La. Rev. Stat. Ann. § 14:78.1; Me. Rev. Stat. Ann. tit. 17-A, § 253; Minn. Stat. § 609.344; Miss. Code Ann. § 97-3-95; Mont. Code Ann. § 45-5-507; N.J. Stat. Ann. § 2C:14-2; N.C. Gen. Stat. § 14-27.7; Ohio Rev. Code Ann. § 2907.03; S.D. Codified Laws § 22-22A-3; Utah Code Ann. §§ 76-5-402 & 76-5-406(10); Vt. Stat. Ann. tit. 13, § 3252; Wash. Rev. Code § 9A.44.093; W. Va. Code § 61-8D-5; Wyo. Stat. Ann. §§ 6-2-314, 6-2-317.