FILED

AUG 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10503 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-0525-DCB |
| v. | |
| SANTIAGO AGUILAR-BALBUENA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted July 16, 2012
San Francisco, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and SETTLE, District Judge.[**]

Santiago Aguilar-Balbuena ("Aguilar-Balbuena") appeals from the 30-

month sentence imposed following his guilty-plea conviction to illegal re-entry

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for re-sentencing on an open record.

"We have stated that '[a] defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009) (alteration in original) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)). Here, Aguilar-Balbuena's plea agreement contained six separate sentencing ranges that could be applied to him depending on his criminal history. Specifically, the first sentencing range states that "[u]nder the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(A), if the defendant has a prior felony conviction for . . . a crime of violence . . . then the government and defendant agree the defendant's sentence shall be as follows: . . . 30 to 37 months of imprisonment if defendant's Criminal History Category is II . . . ." We conclude that Aguilar-Balbuena did not knowingly waive his right to appeal the district court's determination of whether his prior burglary conviction qualified as a "crime of violence" under U.S.S.G.

2

§ 2L1.2(b)(1)(A)(ii). The terms of Aguilar-Balbuena's plea agreement are unclear in explaining what is meant by waiving his right to appeal the sentence "providing the sentence is consistent with this agreement." The Magistrate Judge, during the plea colloquy, did not ask Aguilar-Balbuena if he understood that he was waiving his right to appeal the district court's sentence provided the sentence was "consistent with [the plea] agreement", nor did he pursue any clarification on the record as to the meaning of that phrase. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) ("This court looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily.").

Further, we conclude that Aguilar-Balbuena's prior burglary conviction in Illinois is not categorically a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). At the time of Aguilar-Balbuena's conviction, Illinois defined the term "dwelling" contained in the statute of conviction as "a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside." Ill. Rev. Stat. 1987, ch. 38, par. 2 -- 6 (b). Because this definition of a "dwelling" is broader than the generic federal definition, as explained in *United States v. Grisel*, 488 F.3d 844, 849-50 (9th Cir.

3

2007) (en banc), a burglary conviction under this statutory scheme is not categorically a crime of violence.

**VACATED AND REMANDED.**