Corrected 12/14/12

# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff - Appellee*,<br><br>v.<br><br>RAUL ZAMORANO-PONCE,<br>*Defendant - Appellant*. | No. 11-10462<br><br>D.C. No.<br>4:11-CR-01244-<br>CKJ-JCG-1<br><br>OPINION |

Appeal from the United States District Court
for the District of Arizona
Mark W. Bennett, District Judge, Presiding

Argued and Submitted
September 14, 2012–San Francisco, California

Filed November 6, 2012

Before: Arthur L. Alarcón, Susan P. Graber,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Criminal Law

Affirming a sentence for illegal reentry after removal, the panel held that a prior conviction for "rape of a child in the third degree," in violation of Revised Code of Washington section 9A.44.079, categorically qualifies as "statutory rape," which is a "crime of violence" for the purpose of a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

### COUNSEL

Andrea L. Matheson, Matheson Law Firm, P.C., Tucson, Arizona, for Defendant-Appellant.

Robert L. Miskell, Assistant United States Attorney, Tucson, Arizona, for Plaintiff-Appellee.

### OPINION

GRABER, Circuit Judge:

Defendant Raul Zamorano-Ponce appeals the sentence imposed after he pleaded guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326. The question before us is whether a prior conviction for "rape of a child in the

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

third degree," in violation of Revised Code of Washington section 9A.44.079, qualifies as a "crime of violence" for the purpose of the sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Reviewing de novo, *United States v. Espinoza-Morales*, 621 F.3d 1141, 1144 (9th Cir. 2010), we answer "yes" and, therefore, affirm the sentence.

In 2003, Defendant pleaded guilty in state court to "rape of a child in the third degree," in violation of Revised Code of Washington section 9A.44.079. The state court sentenced him to a 12-month term of imprisonment. After serving just over half of the sentence, Defendant was released from prison and removed from the United States.

In 2011, the United States Border Patrol apprehended Defendant and several others a few miles from the United States-Mexico border, near Lukeville, Arizona. The group admitted to being Mexican citizens without documentation to establish the legality of their presence in the United States.

A federal grand jury indicted Defendant for reentry after removal, in violation of 8 U.S.C. § 1326. He pleaded guilty pursuant to a written plea agreement.

The main issue at sentencing was whether the court should apply a 16-level enhancement for a prior "crime of violence," pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Presentence Investigation Report and the government recommended that the court apply the enhancement because Defendant's prior conviction under Revised Code of Washington section 9A.44.079 qualifies categorically as a "crime of violence." Specifically, the government argued that section 9A.44.079 falls squarely within the generic federal definition of "statutory rape." Defendant objected to the

enhancement, arguing, among other things, that section 9A.44.079 is broader than the federal definition because it does not require a mens rea of "knowingly."

The district court concluded that violation of section 9A.44.079 qualifies categorically as a crime of violence. Accordingly, the court applied the 16-level enhancement and sentenced Defendant to 33 months' imprisonment. He timely appealed.

"Section 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines provides for a sixteen-level sentencing enhancement upon conviction under 8 U.S.C. § 1326, where an alien illegally reentered the United States after having been previously deported subsequent to a conviction for a felony 'crime of violence.'" *United States v. Gomez-Mendez*, 486 F.3d 599, 601 (9th Cir. 2007). Relying on the application notes to the Guidelines, we have previously concluded that statutory rape is a "crime of violence."[1] *Id*. at 601–02; *United States v. Rodriguez-Guzman*, 506 F.3d 738, 741 (9th Cir. 2007). The question here, then, is whether Defendant's

---

[1] The relevant application note states:

> "Crime of violence" means any of the following offenses under federal, state, or local law:  Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), *statutory rape*, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

conviction under Revised Code of Washington section 9A.44.079 constitutes "statutory rape" and is, therefore, a "crime of violence" that subjects him to the sentencing enhancement. Section 9A.44.079 states:

A person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.

"To determine whether a conviction constitutes 'statutory rape' and therefore a 'crime of violence,' we employ the familiar categorical approach the Supreme Court crafted in *Taylor v. United States*, 495 U.S. 575 (1990)." *Gomez-Mendez*, 486 F.3d at 602.

Under the categorical approach, we do not look to the specific conduct that was the basis of a defendant's state convictions. Instead, we consider the statutory definition of the crime. A state's definition of [the crime] must be compared with the generic definition of that crime to determine if the defendant's conviction is a crime of violence pursuant to the Sentencing Guidelines.

*Rodriguez-Guzman*, 506 F.3d at 743–44 (alteration in original) (internal quotation marks omitted). "In cases involving nontraditional offenses, as here, we must determine whether the full scope of conduct proscribed by [Revised Code of Washington section 9A.44.079] falls within the 'ordinary, contemporary, and common meaning' of the term

'statutory rape.'"[2]  *Gomez-Mendez*, 486 F.3d at 602 (footnote omitted).

We have previously provided a generic federal definition for "statutory rape" in the context of "crime[s] of violence" under U.S.S.G. § 2L1.2.  In *Gomez-Mendez*, we held that "[t]he term 'statutory rape' is ordinarily, contemporarily, and

commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute."  486 F.3d at 603.  Shortly thereafter, we held that "the term 'minor' in the context of a statutory rape law means a person under sixteen years of age."  *Rodriguez-Guzman*, 506 F.3d at 745.  Accordingly, under *Rodriguez-Guzman*, the generic federal definition of "statutory rape" is unlawful sexual intercourse with a person under the age of 16.  The generic federal definition may also include a four-year-age-difference element.  *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 431 (9th Cir. 2011).  We need not resolve the latter issue here, however, because Revised Code of Washington section 9A.44.079 contains a four-year-age-difference element and, thus, would not cover more conduct than the federal definition even if the federal definition also required a four-year age difference.

Section 9A.44.079 qualifies categorically as "statutory rape" under *Rodriguez-Gomez*' generic federal definition of

---

[2] We recognize that the panel in *Rodriguez-Guzman* questioned the *Gomez-Mendez* panel's categorization of statutory rape as a "non-traditional offense."  *See Rodriguez-Guzman*, 506 F.3d at 745 n.5.  The categorization of statutory rape as a traditional common law offense or a nontraditional offense makes no difference here because it does not affect the federal generic definition of statutory rape under *Gomez-Mendez* and *Rodriguez-Guzman*.  *See id.*

that crime because the federal definition covers the "full scope of the conduct" that the Washington statute prohibits. *Gomez-Mendez*, 486 F.3d at 602.  Both prohibit engaging in unlawful sexual intercourse with a person under the age of 16, where there is at least a four-year age difference between the perpetrator and the victim, and the federal definition contains no additional requirement that is absent from section 9A.44.079.

Defendant relies on *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), to argue that the federal generic definition of "statutory rape" includes a mens rea element of "knowingly."  Defendant's reliance on *Estrada-Espinoza* is misplaced.  That case defined the term "sexual abuse of a minor" for the purpose of considering whether a prior conviction constituted an "aggravated felony" under the Immigration and Nationality Act.  *Id*. at 1150. Nothing in *Estrada-Espinoza* purports to require that "statutory rape," within the meaning of the commentary to the Guidelines, contain a mens rea element.  Nor does the case overrule or undermine *Gomez-Mendez* or *Rodriguez-Guzman* in any other way.  In fact, we have recognized previously that *Estrada-Espinoza* "never discussed or even cited to our prior 'statutory rape' decisions in *Gomez-Mendez* and *Rodriguez-Guzman*."  *Gonzalez-Aparicio*, 663 F.3d at 432.  Nor did *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009), change the definition of "statutory rape" within the meaning of the Guidelines.  Rather, as relevant here, it held only that a state-court conviction for lewd and lascivious acts on a child under 14 years old is still "sexual abuse of a minor" for sentencing purposes after *Estrada-Espinoza*. *Medina-Villa*, 567 F.3d at 509.

In summary, Defendant's conviction under Revised Code of Washington section 9A.44.079 qualifies categorically as "statutory rape," which is a "crime of violence" that subjects him to a sentencing enhancement under U.S.S.G. § 2L1.2.

**AFFIRMED.**