**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

AUG 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10483 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01229-DCB-JCG-1 |
| v. | |
| DANILO BANOS-MEJIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 15, 2013
San Francisco, California

Before:  NOONAN, FISHER, and NGUYEN, Circuit Judges.

Danilo Banos-Mejia appeals his conviction and sentence following a guilty

plea to one count of illegal reentry following deportation, in violation of 8 U.S.C.

§ 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Banos contends that the district court abused its discretion by denying his request to withdraw his guilty plea. A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected." *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003); *see also Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("Nor do we believe that fear of receiving a harsh sentence, standing alone, constitutes a 'fair and just' reason to withdraw a plea, even if counsel's initial advice as to length of plea turned out to be inaccurate."). Here, Banos requested to withdraw his guilty plea only after realizing that the district court would enhance his sentence based on a prior conviction. The record does not reveal any other basis for his request. Therefore, we affirm the district court's denial of Banos's request to withdraw his guilty plea.

2. Banos signed a plea agreement containing a waiver of his right to appeal, upon which the government now relies. We find that the waiver provision is unclear as to whether Banos could appeal the district court's determination of whether his prior conviction qualifies as a "crime of violence." Specifically, pursuant to the plea agreement, Banos waived his right to appeal the "imposition of sentence upon [him] *providing the sentence is consistent with this agreement*."

2

(emphasis added).  However, the agreement fails to explain what is meant by this provision.[1]  "Because a plea agreement is, at bottom, a contract between the government and a criminal defendant," we construe any ambiguity in its language against the drafter of the agreement—here, the government.  *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006).  Accordingly, we conclude that Banos did not knowingly and intelligently waive his right to appeal the district court's finding that his prior conviction qualifies as a "crime of violence."

3.  Banos challenges the district court's imposition of a 16-level enhancement based on his 2008 conviction under New York Penal Law § 130.30(1).  The district court applied the enhancement after concluding that Banos's prior conviction qualified as a "crime of violence" because it constituted "statutory rape," as that term was "generically defined" in *United States v.*

---

[1]  Indeed, another panel of this court recently found an identical appeal waiver provision to be ambiguous.  *See United States v. Aguilar-Balbuena*, 475 Fed. Appx. 222, 223 (9th Cir. 2012).

*Gomez-Mendez*,  486 F.3d 599 (9th Cir. 2007), and *United States v.*

*Rodriguez-Guzman,* 506 F.3d 738 (9th Cir. 2007).[2]

On appeal, Banos argues that his sentence must be reversed because his prior

conviction does not meet the generic definition of "statutory rape," as that term is

defined in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc).

Banos's sole contention appears to be that the generic definition of statutory rape

includes a mens rea element, whereas § 130.30(1) does not.  Therefore, Banos's

argument goes, § 130.30(1) does not meet the generic definition of "statutory rape"

under *Taylor*'s categorical approach.  *Taylor v. United States*, 495 U.S. 575 (1990).

Banos misreads *Estrada-Espinoza*.

As we explained in *United States v. Zamorano-Ponce*, "[n]othing in

*Estrada-Espinoza* purports to require that 'statutory rape,' within the meaning of

the commentary to the Guidelines, contain a mens rea element."  699 F.3d 1117,

1120 (9th Cir. 2012).  *Estrada-Espinoza* did not "overrule or undermine

*Gomez-Mendez* or *Rodriguez-Guzman* in any other way."  *Id.*

---

[2]  The United States Sentencing Guidelines ("Guidelines") define a "crime of violence" to include (1) "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)"; (2) "statutory rape"; and (3) "sexual abuse of a minor."  U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2011).

Under *Gomez-Mendez* and *Rodriguez-Guzman*, "the generic federal definition of 'statutory rape' is unlawful sexual intercourse with a person under the age of 16." *Zamora-Ponce*, 699 F.3d at 1119. Banos's prior conviction under § 130.30(1) similarly provides that a person is guilty of second-degree rape when "being eighteen years old or more, he or she engages in sexual intercourse with another person less than fifteen years old." Thus, § 130.30(1) qualifies as "statutory rape" under the generic federal definition of that crime, "because the federal definition covers the 'full scope of the conduct' that" § 130.30(1) prohibits.[3] *Id.*, 699 F.3d at 1120. Accordingly, the district court did not err in concluding that Banos's prior conviction qualified as a "crime of violence."

---

[3] We recognize that there is some confusion as to whether the generic definition of statutory rape includes a 4-year age difference as an element. *See United States v. Gonzalez-Aparicio* 663 F.3d 419, 427 (9th Cir. 2011); *Zamorano-Ponce*, 699 F.3d at 1119 (noting that "[t]he generic federal definition may also include a four-year-age-difference element[]"). In his opening brief, Banos did not argue for reversal based on a 4-year age difference element in the generic definition of statutory rape. Despite our order for supplemental briefing on this issue, Banos fails in his response to cite any support for his blanket proposition that most states require such a 4-year age difference. The government, on the other hand, identifies at least 22 states which do not require such an age difference, and our research suggests that several other states also may not require it as an element. Because Banos failed to raise this issue and did not adequately respond in his supplemental brief, we deem this argument waived and do not reach it here. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

5

We need not and do not reach the remaining issues raised on appeal.

**AFFIRMED.**