**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10423 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00957-CKJ-HCE-1 |
| v. | |
| ATILANO DE JESUS RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted September 10, 2013[**]
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and TIMLIN, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert J. Timlin, Senior United States District Judge for the Central District of California, sitting by designation.

Atilano de Jesus Rodriguez filed this appeal from the 30-month sentence he received pursuant to his conviction for unlawful reentry in violation of 8 U.S.C. § 1326 in 2011.  He seeks to contest the 16-level upward adjustment imposed because of his prior conviction for sexual battery.  We conclude he has waived his appeal rights.

Rodriguez's reentry conviction was entered on the basis of his guilty plea that contained multiple ranges of sentences, depending upon the offense level that the presentence report recommended.  The plea agreement provided that Rodriguez waived his right to appeal the conviction or any sentence that was consistent with the agreement.  When the magistrate judge accepted the plea, the magistrate judge explained that the plea waiver meant Rodriguez agreed not to appeal, so long as the district court imposed a sentence consistent with the level applicable to Rodriguez.

The district court then sentenced Rodriguez to a term that was consistent with the applicable offense level.  The appeal waiver applies.  Rodriguez cites  two recent memorandum dispositions where we viewed an appeal waiver as ambiguous.  *United States v. Banos-Mejia*, 2013 WL 4532212 (9th Cir. Aug. 28, 2013); *United States v. Aguilar-Balbuena*, 475 F. App'x 222 (9th Cir. Aug. 2, 2012).  In each of those cases, however, there was no clarifying colloquy.  Here,

the magistrate judge explained the waiver and expressly asked Rodriguez whether he understood he was waiving his right to appeal.  There was a valid waiver.

The appeal is **DISMISSED**.