

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10079 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01641-RCC-DTF-1 |
| v. | |
| SAUL PEREZ-MANCILLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted May 14, 2014[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROBART, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James L. Robart, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

Defendant-Appellant Saul Perez-Mancilla appeals from his judgment of conviction, challenging the 33-month sentence that followed his guilty plea to unlawful reentry in violation of 8 U.S.C. § 1326. Specifically, he contests the 16-level upward adjustment in his offense level that resulted from his prior conviction for felony battery. We conclude that he waived his appeal rights in his plea agreement.

Perez-Mancilla pleaded guilty to illegal reentry. He entered into a written plea agreement on October 24, 2012, that detailed various sentencing ranges that could be imposed at sentencing depending on what the sentencing judge found to be his offense level and criminal history category. The plea agreement provided that Perez-Mancilla was waiving his appeal rights as long as he received a sentence "in accordance with" the plea agreement. Perez-Mancilla's appeal waiver encompassed "any right to file an appeal," including "any aspect of the defendant's sentence" and "the manner in which the sentence is determined and any sentencing guideline determinations." At the time the plea was entered, a magistrate judge explained to Perez-Mancilla that this language meant he agreed not to appeal as long as the sentencing judge followed the ranges set forth in the plea agreement.

The sentencing judge did exactly that, so the appeal waiver applies. The district court sentenced Perez-Mancilla to a term of imprisonment that was consistent with the applicable offense level and criminal history category, with the

sentencing guidelines, and with the plea agreement. Perez-Mancilla argues that the appeal waiver nevertheless does not apply, citing two recent unpublished and non-precedential dispositions in which we found similar appeal waivers ambiguous. *United States v. Banos-Mejia*, 539 F. App'x. 765 (9th Cir. 2013); *United States v. Aguilar-Balbuena*, 475 F. App'x. 222 (9th Cir. 2012). Both of those cases involve similar plea agreements coupled with appeal waivers that foreclose appeal as long as the sentence is consistent with the plea agreement.

However, those cases do not apply here. As we stated in *United States v. Rodriguez*, "[i]n each of those cases . . . there was no clarifying colloquy." 540 F. App'x. 662, 662 (9th Cir. 2013). A waiver is valid notwithstanding the circumstances described in *Banos-Mejia* and *Aguilar-Balbuena* if, as in *Rodriguez*, "the magistrate judge explained the waiver and expressly asked [the defendant] whether he understood he was waiving his right to appeal." *Id.* In Perez-Mancilla's case, there was a colloquy on the record in which the magistrate judge clearly explained the parameters of the appeal waiver and the circumstances in which it would apply. Perez-Mancilla vowed that he had read the entire plea agreement with the assistance of counsel and that he understood each of its provisions. Further, his attorney attested to this detailed discussion, and the magistrate judge entering the plea engaged in an extensive colloquy to inform him of his rights and verify his intent to forfeit them. *See United States v. Anglin*, 215

F.3d 1064, 1066 (9th Cir. 2000). As such, the appeal waiver is valid, and the court is not persuaded by Perez-Mancilla's citations to *Banos-Mejia* and *Aguilar-Balbuena*.

Because we hold that Perez-Mancilla waived his right to appeal, we need not address his argument that the district court incorrectly determined that his Florida felony battery conviction was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A).

The appeal is DISMISSED.