+Corrected June 11, 2014

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10321 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01941-JGZ-LAB-1 |
| v. | |
| FERMIN TOVAR-JIMENEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
+John C. Coughenour, Senior District Judge, from Western Washington, Presiding

Argued and Submitted May 14, 2014
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROBART, District
Judge.[**]

On appeal, Fermin Tovar-Jimenez challenges the 41-month sentence

imposed by the district court following his guilty plea to illegal reentry after

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James L. Robart, District Judge for the U.S. District
Court for the Western District of Washington, sitting by designation.

deportation in violation of 8 U.S.C. § 1326.  Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.  We vacate and remand for resentencing.

The district court erred in applying a 16-level sentencing enhancement after concluding that Tovar-Jimenez's prior conviction for rape of a child in the third degree in violation of Revised Code of Washington § 9A.44.079 qualified as statutory rape, and was thus a crime of violence under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii).

Section 9A.44.079 includes as an element that the defendant had "sexual intercourse" with the victim.  Wash. Rev. Code § 9A.44.079.  Sexual intercourse is defined disjunctively in three ways under Washington law.  Wash. Rev. Code § 9A.44.010(1).  Only two of the three alternatives require penetration, whereas one requires only "sexual contact . . . involving the sex organs of one person and the mouth or anus of another . . . ."  *Id.*  The generic definition of sexual intercourse, however, does not encompass oral sexual contact.  *See United States v. Gomez*, — F.3d —, No. 11-30262, 2014 WL 1623725, at *17 n.33 (9th Cir. Apr. 24, 2014).  Therefore, § 9A.44.079 sweeps more broadly than the generic crime of statutory

rape.[1]  The district court applied the 16-level sentencing enhancement without considering whether Tovar-Jimenez was convicted of the elements of generic statutory rape, including the generic definition of sexual intercourse.  Therefore, we vacate the sentence and remand to the district court to reapply the framework from *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether Tovar-Jimenez was convicted of the elements of generic statutory rape.  *See also Descamps v. United States*, 133 S. Ct. 2276 (2013).

Additionally, the government concedes that Tovar-Jimenez's judgment of conviction should be amended to reflect a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1), rather than § 1326(b)(2), because Tovar-Jimenez did not admit to having a prior conviction that qualified as an aggravated felony.

Finally, because we remand for resentencing, we need not address the remainder of Tovar-Jimenez's arguments.

**VACATED AND REMANDED.**

---

[1] Although we held in *United States v. Zamorano-Ponce*, 699 F.3d 1117 (9th Cir. 2012), that a conviction under § 9A.44.079 qualifies categorically as generic statutory rape, we did not consider whether sexual intercourse as defined in § 9A.44.010(1) was a categorical match for the generic definition of sexual intercourse.