**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Romulo SANGUINO, aka Romulo Sanguino–Calvario, Defendant— Appellant.**

**No. 07–50258.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2008.

Filed Sept. 26, 2008.

ed by 9th Cir. R. 36–3.

L. Marcel Stewart (on the brief) and Mark R. Rehe (argued), Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vince J. Brunkow, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Romulo Sanguino appeals his sentence following a guilty plea to a single count of being a previously removed alien found in the United States. Specifically, he challenges the district court's imposition of a sixteen-level enhancement for having a previous conviction of a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a 1996 conviction in New York for manslaughter.[1] He also alleges that his Sixth Amendment right to a jury was violated because the district court relied on facts not found by a jury to sentence him. We affirm.

■ In reviewing sentences post-*Booker*, we first determine whether the district court correctly calculated the Sentencing Guidelines range. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir.2008) (en banc). We review *de novo* the district court's interpretation of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Grissom*, 525 F.3d 691, 696 (9th Cir.2008).

U.S.S.G. § 2L1.2(b)(1) states: "If the defendant previously was deported, or unlawfully remained in the United States, after—(A) a conviction for a felony that is ... (ii) a crime of violence ..., increase [the offense level] by 16 levels." Comment 1(B)(iii) to § 2L1.2 defines "crime of violence," and specifically lists manslaughter. Manslaughter thus qualifies as a *per se* crime of violence under § 2L1.2. *See United States v. Rodriguez–Guzman*, 506 F.3d 738, 742–44 (9th Cir.2007) ("When an offense is specifically enumerated by the Application Notes as a 'crime of violence,' we have consistently drawn the conclusion that the offense is a *per se* crime of violence under the Guidelines."). Nevertheless, we still apply the *Taylor*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. All references herein are to the 2006 Sentencing Guidelines.

categorical/modified categorical inquiry with respect to a *per se* crime of violence to ensure that the "statutory definition used by [the state court] comports with the generic and contemporary meaning of the offense of" manslaughter. *Id.* at 743.

■ Sanguino was convicted of first degree manslaughter in 1996 under N.Y. PENAL LAW § 125.20. Sanguino argues that because N.Y. PENAL LAW § 125.20(3) defines manslaughter to include the death of a woman resulting from an abortional act committed on the victim who has been pregnant for at least 24 weeks, § 125.20 is not categorically a crime of violence;[2] he also argues that his record of conviction is insufficient to demonstrate he was actually convicted of a crime of violence under the modified categorical approach.

We need not resolve whether § 125.20(3) is categorically a crime of violence because Sanguino's record of conviction is sufficient to affirm the sentencing enhancement under the modified categorical approach. The government urges us to rely on three documents: the sentence and commitment form and the indictment, both of which were presented to the district court, as well as the transcript of Sanguino's 1996 manslaughter plea colloquy before the Supreme Court of the State of New York, County of Queens: Criminal Term, Park K-2.[3]

The sentence and commitment form specifically refers to indictment number 3564-95. The indictment, which bears the same number identified on the sentence and commitment form, lists the statutory basis for the count as "125.20–1," an obvious reference to N.Y. PENAL LAW § 125.20(1).[4] The indictment describes the offense with this paragraph:

> The defendant, on or about July 30, 1995, in the County of Queens, with intent to cause serious physical injury to Marcos Lezama, struck Marcos Lezama in the eye with a metal plant stand, and thereby inflicted a wound which penetrated Marcos Lezama's brain and thereby caused his death.

The sentence and commitment form and the indictment clearly demonstrate that Sanguino was convicted for violating § 125.20(1), not § 125.20(3).

The transcript of the plea colloquy eliminates any doubt about which subsection served as the basis of Sanguino's conviction. During the plea colloquy, Sanguino specifically admitted that he threw a metal plant stand at the victim and that he did so with the intent to hurt the victim. This colloquy demonstrates that Sanguino's "plea . . . 'necessarily' rested on the fact identifying" the crime of conviction as a crime of violence. *Shepard v. United States,* 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *see also United States v. Vidal,* 504 F.3d 1072, 1086 (9th Cir.2007) (en banc) (listing plea colloquy as one of the documents that is appropriate to consult during the modified categorical analysis (citing *Shepard,* 544 U.S. at 16, 125 S.Ct. 1254)).

This record conclusively establishes that Sanguino was convicted for what is traditionally understood as generic voluntary manslaughter, not for anything even approaching "abortional act" manslaughter as defined in N.Y. PENAL LAW § 125.20(3).

---

**2.** Sanguino does not argue that any of the other subsections of § 125.20 do not qualify as crimes of violence under § 2L1.2(b)(1).

**3.** We grant the government's motion to take judicial notice of this transcript. FED.R.EVID. 201.

**4.** Section 125.20(1) define manslaughter to include those situations when a defendant "[w]ith intent to cause serious physical injury to another person . . . causes the death of such person or of a third person." N.Y. PENAL LAW § 125.20(1). This subsection clearly defines traditional, generic manslaughter.

We reject Sanguino's challenge to the sentence enhancement under § 2L1.2(b)(1).

Sanguino's second argument focuses on the continuing vitality of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in light of subsequent Supreme Court cases. As Sanguino concedes, we have repeatedly addressed and rejected all of these arguments. *See, e.g., United States v. Salazar–Lopez*, 506 F.3d 748, 751 n. 3 (9th Cir.2007); *United States v. Grisel*, 488 F.3d 844, 846–47 (9th Cir.2007) (en banc); *United States v. Covian–Sandoval*, 462 F.3d 1090, 1096–97 (9th Cir.2006) ("All of these arguments ... are squarely foreclosed by our precedents."). We therefore summarily reject them again here.

The judgment of the district court is **AFFIRMED.**