# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10602
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CECILIO MENDOZA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-204-1

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Cecilio Mendoza-Garcia (Mendoza) pleaded guilty, without a written plea agreement, to illegal re-entry after deportation and was sentenced at the bottom of the guidelines imprisonment range to a 41-month term of imprisonment and to a two-year period of supervised release. In determining the sentence, the district court applied the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) related to Mendoza's 1989 California

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction of unlawful sexual intercourse with a minor. Mendoza contends that imposition of the 16-level enhancement was procedurally unreasonable.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). As Mendoza did not object to the procedural and substantive reasonableness of the sentence, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Mendoza must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Citing *United States v. Rodriguez-Guzman*, 506 F.3d 738, 747 (9th Cir. 2007), Mendoza asserts that the 41-month within-guidelines sentence imposed by the district court represents a clear error in judgment because the district court's "sentencing calculus . . . did not reflect an understanding of the current circuit split of authority on the precise question raised, namely, whether age 16 (or some other age) serves as the 'age of consent' involving consensual, sexual activity." He acknowledges that we held, in *United States v. Rodriguez*, 711 F.3d 541, 559-60 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013), that the generic meaning of the term "minor" is a person under 18 years of age.

Given our en banc decision in *Rodriguez*, Mendoza cannot show that the district court committed a clear and obvious error in failing to recognize and consider *Rodriguez-Guzman* when it determined that Mendoza's 1989 state conviction was a generic conviction of sexual abuse of a minor or statutory rape.

No. 13-10602

*See Puckett*, 556 U.S. at 135; *see also Rodriguez*, 711 F.3d at 559-60; § 2L1.2(b)(1)(A)(ii) & comment. (n.B(iii)).   Moreover, Mendoza has made no effort to show that his substantial rights were affected.  *See Puckett*, 556 U.S. at 135.  Neither has he shown why we should exercise our discretion to correct a sentence that was, under this circuit's law, correctly calculated.  *See id.*

Mendoza also contends that the sentence was substantively unreasonable because the district court failed to give adequate consideration to his history and characteristics and because the sentence was greater than necessary to satisfy the sentencing goals of deterrence and protection of the public.   A presumption of substantive reasonableness applies to within-guidelines sentences.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  On this record, Mendoza cannot rebut that presumption.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Neither can he show that the district court committed reversible plain error in applying the statutory sentencing factors.  *See Puckett*, 556 U.S. at 135.  The judgment is

AFFIRMED.