**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10483 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01229-DCB-JCG-1 |
| v. | |
| DANILO BANOS-MEJIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 15, 2013
San Francisco, California

Before: NOONAN, FISHER, and NGUYEN, Circuit Judges.

Danilo Banos-Mejia appeals his conviction and sentence following a guilty

plea to one count of illegal reentry following deportation, in violation of 8 U.S.C.

§ 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Banos contends that the district court abused its discretion by denying his request to withdraw his guilty plea. A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected." *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003); *see also Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("Nor do we believe that fear of receiving a harsh sentence, standing alone, constitutes a 'fair and just' reason to withdraw a plea, even if counsel's initial advice as to length of plea turned out to be inaccurate."). Here, Banos requested to withdraw his guilty plea only after realizing that the district court would enhance his sentence based on a prior conviction. The record does not reveal any other basis for his request. Therefore, we affirm the district court's denial of Banos's request to withdraw his guilty plea.

2. Banos signed a plea agreement containing a waiver of his right to appeal, upon which the government now relies. We find that the waiver provision is unclear as to whether Banos could appeal the district court's determination of whether his prior conviction qualifies as a "crime of violence." Specifically, pursuant to the plea agreement, Banos waived his right to appeal the "imposition of sentence upon [him] *providing the sentence is consistent with this agreement*."

2

(emphasis added). However, the agreement fails to explain what is meant by this provision.[1] "Because a plea agreement is, at bottom, a contract between the government and a criminal defendant," we construe any ambiguity in its language against the drafter of the agreement—here, the government. *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006). Accordingly, we conclude that Banos did not knowingly and intelligently waive his right to appeal the district court's finding that his prior conviction qualifies as a "crime of violence."

3. We next turn to the merits of Banos's claim that the district court erred in finding that his prior conviction qualifies as a "crime of violence." In 2008, in the State of New York, Banos was convicted of rape in the second degree, a violation of New York Penal Law § 130.30.

The United States Sentencing Guidelines ("Guidelines") define a "crime of violence" to include (1) "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)"; (2) "statutory rape"; and (3) "sexual abuse of a minor." U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2011).

---

[1] Indeed, another panel of this court recently found an identical appeal waiver provision to be ambiguous. *See United States v. Aguilar-Balbuena*, 475 Fed. Appx. 222, 223 (9th Cir. 2012).

In finding that Banos's prior conviction qualifies as a "crime of violence," the district court engaged in a modified categorical analysis. *See Taylor v. United States*, 495 U.S. 575 (1990). Accordingly, the district court considered documents submitted by the government relating to Banos's prior conviction and concluded that his conviction was within the Guidelines' definition of "statutory rape."[2] We need not decide whether the district court's conclusion was correct because, in any event, Banos's conviction categorically qualifies as a "forcible sex offense" under the Guidelines. *See United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) ("We may affirm the district court on any basis supported by the record.").

Under the *Taylor* categorical approach, we "consider whether a prior offense is categorically a crime of violence by assessing whether the full range of conduct covered by the statute falls within the meaning of that term." *United States v. Gallegos-Galindo*, 704 F.3d 1269, 1273 (9th Cir. 2013) (internal quotation marks omitted). If the federal definition covers the "full scope of the conduct" that Penal Law § 130.30 prohibits, then a conviction under § 130.30 categorically qualifies as

---

[2] Because the district court determined that Banos's conviction falls within the federal generic definition of "statutory rape" under the modified categorical analysis, it declined to reach the government's alternative argument that the prior conviction also qualifies as a "forcible sex offense."

4

"crime of violence." *United States v. Zamorano-Ponce*, 699 F.3d 1117, 1119–20 (9th Cir. 2012) (applying *Taylor*'s categorical approach).

Under the Guidelines, the term "forcible sex offenses" includes crimes where the victim does not consent *or* where consent is legally invalid.[3] *See* U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.1(B)(iii). A conviction under Penal Law § 130.30 easily falls within the meaning of the term "forcible sex offenses." Section 130.30 provides that a person is guilty of rape in the second degree when:

> 1. being eighteen years old or more, he or she engages in sexual intercourse with another person less than fifteen years old; or
>
> 2. he or she engages in sexual intercourse with another person who is incapable of consent by reason of being mentally disabled or mentally incapacitated.
>
> It shall be an affirmative defense to the crime of rape in the second degree as defined in subdivision one of this section that the defendant was less than four years older than the victim at the time of the act.

N.Y. Penal Law § 130.30. "Whether or not specifically stated, it is an element of every offense defined in [Article 130 of the Penal Law] that the sexual act was

---

[3] "[F]orcible sex offenses . . . are always classified as crimes of violence, regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S. Guidelines Manual, app. C, Amend. 722 (2011) (internal quotation marks omitted.) The Sentencing Commission intended "an outcome that is contrary to cases excluding crimes in which 'there may be assent in fact but no legally valid consent' from the scope of 'forcible sex offenses.'" *Id.*

committed without consent of the victim." N.Y. Penal Law § 130.05(1). Penal Law § 130.05(2) provides that lack of consent can result from, *inter alia*, an "incapacity to consent," and § 130.05(3) provides that a person is incapable of consenting if he or she is less than seventeen years old, mentally disabled, or mentally incapacitated.

A conviction under Penal Law § 130.30 qualifies categorically as a "forcible sex offense" because the full range of conduct prohibited by the statute of conviction falls within the meaning of a "forcible sex offense." Section 130.30(1) prohibits sexual intercourse with a person who is not legally competent to consent because of her age, whereas § 130.30(2) prohibits sexual intercourse with a person who is not legally competent to consent by reason of her mental disability or incapacity. The federal definition contains no additional requirement that is absent from Penal Law § 130.30. Accordingly, we conclude that Banos's prior conviction constitutes a "forcible sex offense" and, therefore, it categorically qualifies as a "crime of violence."

**AFFIRMED.**