**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10469 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01204-SRB |
| v. | |
| LUIS FERNANDO GONZALES-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Luis Fernando Gonzales-Garcia appeals from the district court's judgment

and challenges the 60-month sentence imposed following his guilty-plea

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzales-Garcia contends that the government breached the plea agreement by failing to move for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The government contends that the appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). In the plea agreement, Gonzales-Garcia waived his right to appeal the judgment and sentence as long as the "sentence is consistent with this agreement." Neither the plea agreement nor the magistrate judge at the change of plea hearing explained what was meant by this provision. This ambiguity is construed against the government, *see United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006), and we hold that Gonzales-Garcia did not knowingly and intelligently waive his right to appeal.

We review for plain error whether the government breached the plea agreement because Gonzales-Garcia did not raise the issue of breach in the district court. *See United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012). Because Gonzales-Garcia made inconsistent statements to the probation office regarding his offense, he failed to make a "full and complete disclosure to the Probation Office" as contemplated by the terms of the plea agreement. Thus, the government was not

obligated to move for the third point under the plea agreement.

**AFFIRMED.**