UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10483 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01229-DCB-JCG-1 |
| v. | District of Arizona, Tucson |
| DANILO BANOS-MEJIA, | |
| Defendant - Appellant. | ORDER |

Before: NOONAN, FISHER, and NGUYEN, Circuit Judges.

The memorandum disposition filed on September 16, 2014, is withdrawn

and another memorandum disposition is filed concurrently with this order.

The government's motion for panel rehearing is denied as moot.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10483 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01229-DCB-JCG-1 |
| v. | |
| DANILO BANOS-MEJIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 15, 2013
San Francisco, California

Before:  NOONAN, FISHER, and NGUYEN, Circuit Judges.

Danilo Banos-Mejia appeals his conviction and sentence following a guilty

plea to one count of illegal reentry following deportation, in violation of 8 U.S.C.

§ 1326(a).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, and

affirm in part without prejudice, with instructions.

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Banos contends that the district court abused its discretion by denying his request to withdraw his guilty plea. A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected." *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003); *see also Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("Nor do we believe that fear of receiving a harsh sentence, standing alone, constitutes a 'fair and just' reason to withdraw a plea, even if counsel's initial advice as to length of plea turned out to be inaccurate."). Here, Banos requested to withdraw his guilty plea only after realizing that the district court would enhance his sentence based on a prior conviction. The record does not reveal any other basis for his request. Therefore, we affirm the district court's denial of Banos's request to withdraw his guilty plea.

2. Banos signed a plea agreement containing a waiver of his right to appeal, upon which the government now relies. We find that the waiver provision is unclear as to whether Banos could appeal the district court's determination of whether his prior conviction qualifies as a "crime of violence." Specifically, pursuant to the plea agreement, Banos waived his right to appeal the "imposition of sentence upon [him] *providing the sentence is consistent with this agreement*."

2

(emphasis added). However, the agreement fails to explain what is meant by this provision.[1] "Because a plea agreement is, at bottom, a contract between the government and a criminal defendant," we construe any ambiguity in its language against the drafter of the agreement—here, the government. *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006). Accordingly, we conclude that Banos did not knowingly and intelligently waive his right to appeal the district court's finding that his prior conviction qualifies as a "crime of violence."

3. Banos challenges the district court's imposition of a 16-level enhancement based on his 2008 conviction under New York Penal Law § 130.30(1). The district court applied the enhancement after concluding that Banos's prior conviction qualified as a "crime of violence" because it constituted "statutory rape," as that term was "generically defined" in *United States v.*

---

[1] Indeed, another panel of this court found an identical appeal waiver provision to be ambiguous. *See United States v. Aguilar-Balbuena*, 475 Fed. Appx. 222, 223 (9th Cir. 2012).

*Gomez-Mendez*, 486 F.3d 599 (9th Cir. 2007), and *United States v. Rodriguez-Guzman,* 506 F.3d 738 (9th Cir. 2007).[2]

On appeal, Banos argues that his sentence must be reversed because under *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147(9th Cir. 2008)(en banc), the generic definition of statutory rape includes a mens rea element, whereas § 130.30(1) does not. Therefore, Banos's argument goes, § 130.30(1) does not meet the generic definition of "statutory rape" under *Taylor*'s categorical approach. *Taylor v. United States*, 495 U.S. 575 (1990). Banos misreads *Estrada-Espinoza.* As we explained in *United States v. Zamorano-Ponce*, "[n]othing in *Estrada-Espinoza* purports to require that 'statutory rape,' within the meaning of the commentary to the Guidelines, contain a mens rea element." 699 F.3d 1117, 1120 (9th Cir. 2012).

Nevertheless, we hold that Banos is eligible for resentencing. Under *Gomez-Mendez* and *Rodriguez-Guzman*, "the generic federal definition of 'statutory rape' is unlawful sexual intercourse with a person under the age of 16." *Zamorano-Ponce*, 699 F.3d at 1119. Recently, in *U.S. v. Gomez*, —F.3d—, 2014 U.S. App. LEXIS 7810, at *65, 2014 WL 1623725, at *17 (9th Cir. Apr. 24, 2014),

---

[2] The United States Sentencing Guidelines ("Guidelines") define a "crime of violence" to include (1) "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)"; (2) "statutory rape"; and (3) "sexual abuse of a minor." U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2011).

4

we held that the generic federal definition of "statutory rape" also includes a four-year-age-difference element.

The statute under which Banos was convicted, New York Penal Law § 130.30(1), provides that a person is guilty of second-degree rape when "being eighteen years old or more, he or she engages in sexual intercourse with another person less than fifteen years old." Thus, a defendant could be convicted under § 130.30(1) even if there is less than four years age difference between the defendant and the victim. Because § 130.30(1) sweeps more broadly than the generic federal offense, a conviction under § 130.30(1) does not qualify as "statutory rape" under the generic federal definition of that crime. *See Descamps v. United States*, 133 S. Ct. 2276, 2292 (2013) ("Because of the mismatch in elements, a person convicted under that statute is never convicted of the generic crime."). Further, because § 130.30(1) contains a "single, 'indivisible' set of elements," the modified categorical approach is not applicable. *Descamps*, 133 S. Ct. at 2283.

However, since Banos has been deported, he cannot be physically present for resentencing as required by Federal Rule of Criminal Procedure 43(a)(3). We therefore affirm Banos's sentence "without prejudice to a later request by him, if and when he should return to the United States or waive his right to be physically present at resentencing, that his previous sentence be vacated and that he be

5

resentenced" in accordance with this memorandum. *See United States v. Aguilar-Reyes*, 723 F.3d 1014, 1018 (9th Cir. 2013).

We need not and do not reach the remaining issues raised on appeal.

**AFFIRMED in part, and AFFIRMED without prejudice in part, with instructions.**