**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10525 |
| Plaintiff-Appellee, | D.C. 4:13-cr-00503-RCC-HCE-1 |
| v. | MEMORANDUM* |
| JOSE TRINIDAD HERNANDEZ-LOPEZ, | |
| Defendant-Appellant. | |

On Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted January 14, 2015
San Francisco, California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and RAKOFF, Senior
District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

Defendant Jose Trinidad Hernandez-Lopez appeals from the 37-month sentence imposed following his guilty plea to illegal re-entry after deportation in violation of 8 U.S.C. § 1326. Specifically, Hernandez-Lopez challenges the district court's determination that he had previously been convicted of a "crime of violence" that justified a sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Because we conclude that Hernandez-Lopez waived his right to appeal this issue, we decline to reach it and dismiss the appeal.

On April 25, 2013, Hernandez-Lopez pleaded guilty pursuant to a "fast track" plea agreement. The agreement listed 24 possible Guidelines ranges that could apply to Hernandez-Lopez depending on what the district court calculated his offense level and criminal history category to be, and it explained that the district court would make the ultimate decision regarding what sentence to impose as the Guidelines are only advisory. The agreement also included a provision under which Hernandez-Lopez agreed to relinquish, among other things, his right to appeal "any aspect of [his] sentence -- including the manner in which the sentence is determined and any sentencing guideline determinations" -- "[p]rovided [he] receive[d] a sentence in accordance with" the agreement. In exchange for signing on to the fast track agreement, Hernandez-Lopez became eligible for a two-level reduction of his offense level.

On September 25, 2013, the district court determined that the applicable Guidelines range was 37 to 46 months' imprisonment and then sentenced Hernandez-Lopez to 37 months. This Guidelines range corresponds to the range articulated in the plea agreement for a base offense level of 24 and a criminal history category of III. Thus, because the sentence the district court imposed fell within the range provided for in the plea agreement, the sentence was "in accordance with" the agreement, and the appeal waiver applies to bar Hernandez-Lopez's challenge to the district court's Guidelines calculation.

Resisting this conclusion, Hernandez-Lopez argues that the plea agreement is ambiguous as to whether the district court must first *correctly* calculate the Guidelines range for its eventual sentence to be "in accordance with" the agreement and that we must construe that ambiguity against the drafter, here, the Government. *See United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009). We disagree. Although the agreement is less than ideally worded,[1] that does not make

---

[1]We are mystified that, despite frequent criticisms of the phrasing of these fast track plea agreements, *see, e.g.*, *United States v. Banos-Mejia*, 588 F. App'x 522, 523 (9th Cir. 2014); *United States v. Gonzales-Garcia*, 541 F. App'x 764, 765 (9th Cir. 2013); *United States v. Baltazar-Neri*, 540 F. App'x 630, 631 (9th Cir. 2013); *United States v. Aguilar-Balbuena*, 475 F. App'x 222, 223 (9th Cir. 2012), the Office of the United States Attorney for the District of Arizona persists in using the same language.

it ambiguous. To be ambiguous, the agreement must be susceptible to more than one reasonable interpretation. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998). Under Hernandez-Lopez's reading, the waiver applies if and only if Hernandez-Lopez accepts the district court's determinations. Put differently, Hernandez-Lopez limits the operation of the appeal waiver to when there would be no appeal. We fail to see how an interpretation that renders the waiver superfluous is reasonable.[2] *Cf. United States v. Irvine*, 756 F.2d 708, 710 (9th Cir. 1985) ("The language of the contract is to be read as a whole and given a reasonable interpretation, not an interpretation that would produce absurd results.") (citation omitted).

Accordingly, because the interpretation that the Government proposes and with which we agree -- that a sentence is "in accordance with" the agreement if it falls within one of the Guidelines ranges listed in the agreement (and the district court takes into account the two-level "fast track" reduction) -- is the only reasonable one, we reject Hernandez-Lopez's reading, uphold the appeal waiver, and dismiss the appeal.

**DISMISSED.**

---

[2]On this point, we find it telling that Hernandez-Lopez has offered no evidence that he actually understood the agreement to operate in this manner.