**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10366 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-02983-DCB |
| v. | |
| JUAN ALBERTO SALMERON-OZUNA, a.k.a. Juan Salmeron-Ozuna, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Juan Alberto Salmeron-Ozuna appeals from the district court's judgment and

challenges the 57-month sentence imposed upon remand following his guilty-plea

conviction for reentry after deportation, in violation of 8 U.S.C. § 1326.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss.

Salmeron-Ozuna contends that the district court committed procedural and substantive sentencing errors. The government contends that this appeal should be dismissed based on an appeal waiver. Salmeron-Ozuna argues that the appeal waiver cannot be enforced because the waiver is vague and his sentence is not consistent with the plea agreement. We review de novo whether to enforce an appeal waiver. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). We are unpersuaded that the appeal waiver is ambiguous in light of the clarifying colloquy at the change of plea hearing. Furthermore, Salmeron-Ozuna's sentence is consistent with the plea agreement because his predicate conviction for threatening a federal officer "has as an element the . . . threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.1(B)(iii). Accordingly, we dismiss this appeal in light of the valid appeal waiver. *See Watson*, 582 F.3d at 988.

**DISMISSED.**

13-10366